# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

CHRISHONDA D. HOGUE,

    Plaintiff,

v.                                                        CASE NO. 4:08-cv-00247-MP-CAS

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

_____/

## **O R D E R**

This matter is before the court on plaintiff counsel's petition for attorney's fees and costs pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, in the total amount of $16,646.55, representing 90 hours of attorney time from 2008 to 2012. (Docs. 66 and 68). Defendant's only objection is that "the number of hours requested are not reasonable and should be reduced." (Doc. 72).

Despite defendant's objection, the Court finds plaintiff's attorney fees to be reasonable and that the $125.00 statutory cap should be increased to account for increases in the cost of living, which have occurred since § 2412(d)(2)(A) was amended in 1996.[1] Plaintiff's counsel expended a reasonable number of total hours considering the complex issues, multiple hearings,

---

[1] In 1996, 28 U.S.C. § 2412(d)(2)(A) was amended to provide for attorney's fees at $125.00 per hour. In 2008, the value of $125.00 in 1996 dollars adjusted for inflation per the Consumer Price Index was $172.88. In 2009, the value of $125.00 in 1996 dollars adjusted for inflation per the Consumer Price Index was $172.25. In 2010, the value of $125.00 in 1996 dollars adjusted for inflation per the Consumer Price Index was $175.13. In 2011, the value of $125.00 in 1996 dollars adjusted for inflation per the Consumer Price Index was $180.50. In 2012, the value of $125.00 in 1996 dollars adjusted for inflation per the Consumer Price Index is $183.75.

and intervening appeals. Defendant will inquire with the Department of Treasury as to whether or not the plaintiff has a debt owed to the United States. If such a debt is owed, the EAJA fee award is subject to offset for the debt owed. *See Astrue v. Ratliff*, 130 S. Ct. 2521, 2524 (2010). Defendant will request, following that offset, that the Department of Treasury make payable directly to the plaintiff any remaining amount beyond what is owed to the United States. If no debt is owed to the United States, defendant will request that the Department of Treasury make the EAJA fees payable to the assignee.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

Plaintiff is awarded attorney fees under EAJA in the amount of $16,646.55, subject to any offsetting debt owed by the plaintiff to the United States. If the agreement between plaintiff and plaintiff's counsel is such that these fees are assigned to plaintiff's counsel, any fees or partial fees received by the plaintiff are to be considered held in trust for, and payable to, plaintiff's counsel.

**DONE AND ORDERED** this  6th  day of December, 2012

 *s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge

*Case No: 4:08-cv-00247-MP-CAS*